1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | )    CR 07-00871 PHX ROS |
| v. | )    CV 12-00367 PHX ROS MEA |
| | ) |
| Hanoi Barbaro Acosta, | )    REPORT AND RECOMMENDATION |
| | ) |
| Defendant/Movant. | ) |
| _____ | ) |

**TO THE HONORABLE ROSLYN O. SILVER:**

On February 21, 2012, Mr. Hanoi Acosta ("Movant"), filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On July 12, 2012, Respondent filed a Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") (Doc. 9). Movant filed a reply to the response to his motion on August 15, 2012. See Doc. 12.

### I Procedural History

A grand jury indictment returned July 25, 2007, charged Movant with one count of child sex trafficking, a violation of 18 U.S.C. § 1591(a), and one count of interstate transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a) and (e). See Criminal Doc. 9.

After a seven-day trial and less than a day of deliberations, on May 23, 2008, a jury found Movant guilty on the charge of interstate transportation of a minor for prostitution, but the jury was unable to reach a verdict on the charge of child sex trafficking. See Criminal Doc. 222. On July 18, 2008, the government moved to dismiss the child sex trafficking charge. See Criminal Doc. 282. The motion was granted July 23, 2008. See Criminal Doc. 298.

The United States Probation Office prepared a presentence investigation report and computed Movant's offense level under the Sentencing Guidelines at 38 with a Criminal History Category of II. See Criminal Doc. 314 at 5, 9. The Probation Office reached an offense level of 38 by beginning with a base offense level of 28 and adding: (1) two levels because Movant used force and his age disparity to influence a minor to engage in prohibited sexual conduct; (2) two levels because Movant used a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor; (3) two levels because Movant's offense involved a commercial sex act; (4) two levels because Movant organized, led, managed or supervised the criminal activity; and (5) two levels because Movant obstructed justice by making several telephone calls to witnesses prior to his trial to persuade them to flee the United States or to influence their testimony. See

Criminal Doc. 314 at 5.[1]

Movant's defense counsel filed a sentencing memorandum urging the District Court to find that the statutory minimum sentence was excessive and asking the Court to impose a shorter sentence. See Criminal Doc. 320. Movant also argued that the punishment for his crime under federal law was unfairly harsh compared to the punishment for the same crime in other jurisdictions. See Criminal Doc. 320.

On October 15, 2008, the Court sentenced Movant to a term of 262 months imprisonment pursuant to his conviction on the charge of interstate transportation of a minor for prostitution, the minimum term available under the Sentencing Guidelines. See Criminal Doc. 322.

At his request, Movant was appointed different counsel to represent him in his direct appeal. See Criminal Doc. 339. In his appeal Movant argued the District Court erred in failing to find certain enhancements by clear and convincing evidence and that the District Court erred in sentencing him to a term of 262 months imprisonment. The Ninth Circuit Court of Appeals

---

[1] The United States supported the obstruction of justice enhancement with a recording of a telephone call from Defendant to [a minor whom Movant was accused of transporting across state lines for prostitution], in which he told [her] to turn off her telephone "and never turn it on again" so the F.B.I. agents looking for her could not find her. (CR 314.) The Probation Office recommended that the District Court impose a sentence in the middle of the Guidelines range, 295 months' imprisonment.

-3-

affirmed Movant's conviction and sentence, finding that the District Court did not plainly err in applying the enhancements and concluding that the District Court had sentenced Movant "in a procedurally sound manner." United States v. Acosta, 388 Fed. App. 620, 622 (9th Cir. 2010).

On October 15, 2010, Movant sought review of the Ninth Circuit's decision by the United States Supreme Court, which denied certiorari on November 15, 2010.

On December 14, 2011, Defendant filed a motion asking the Court for additional time to file a section 2255 action. The matter was docketed as case number 11 CV 2473 PHX ROS and classified as a section 2255 action. At that time Movant was incarcerated in Florida. Movant asked the Court for more time to file his substantive section 2255 petition, averring that in October of 2011, one month before his habeas petition was due, he was transferred and his "legal papers" did not travel with him. In a decision entered January 9, 2012, the District Court denied the motion, concluding:

> Movant's Motion Seeking Permission is not accompanied by a § 2255 motion. The Court is not able to construe the Motion Seeking Permission as a § 2255 motion because it is not filed on the court-approved form for filing a § 2255 motion, does not specify any grounds for habeas corpus relief, does not set forth any facts supporting any grounds, and does not specify the habeas relief requested. See Rule 2(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.
> * * *
> Because this matter is being dismissed without prejudice, Movant is in no way prevented by this Order from filing a § 2255 motion in the future. Any § 2255 motion must

-4-

be filed on the court-approved form. See Local Rule of Civil Procedure 3.5(a) (prisoners must use the court-approved form when filing a pro se motion pursuant to § 2255). In the event that the government raises the 1-year period of limitation in 28 U.S.C. § 2255(f) as an affirmative defense in any future § 2255 action instituted by Movant, Movant will be free to argue that his § 2255 motion is subject to equitable tolling. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) ("The statute of limitations contained in § 2255 is subject to equitable tolling.").

On February 21, 2012, Movant filed the instant Motion to Vacate, Set Aside, and Correct Sentence pursuant to 28 U.S.C. § 2255. Movant contends the District Court denied him his right to a speedy trial when it granted his trial counsel's motions to continue his trial date, "constituting ineffective assistance of counsel." Movant also argues that the Court improperly found Movant was a leader or organizer of the crimes of conviction resulting in an enhanced sentence, and that his counsel failed to "argue [the application of the sentencing enhancements] in a constitutional manner. Constituting ineffective assistance of counsel." Movant also asserts his trial counsel gave him "erroneous" advice concerning a plea agreement.

Respondent contends the section 2255 motion is untimely and that some claims are precluded: "The motion was due on November 15, 2011. Two of the three arguments contained in the motion were not addressed on direct appeal."

1

    **II Analysis**

2

    **A. Statute of limitations**

3        A one-year statute of limitations on a section 2255

4   action applies to criminal convictions entered by the District

5   Court.[2]   The statute of limitations begins to run when a

6   conviction becomes final.  See, e.g., United States v. Garcia,

7   210 F.3d 1058, 1060 (9th Cir. 2000).   "The Supreme Court has

8   held that a conviction is final in the context of habeas review

9   when 'a judgment of conviction has been rendered, the

10  availability of appeal exhausted, and the time for a petition

11  for certiorari elapsed or a petition for certiorari finally

12  denied.'"  United States v. Schwartz, 274 F.3d 1220, 1223 (9th

13  Cir. 2001), quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6,

14  107 S. Ct. 708, 712 n.6 (1987).   See also United States v.

15  Buckles, 647 F.3d 883, 887 (9th Cir.), cert. denied, 132 S. Ct.

16  436 (2011).

17       Movant's conviction became final on November 15, 2010,

18  when the United States Supreme Court denied certiorari in

19  Movant's direct appeal.   Accordingly, his section 2255 motion

20  was required to be filed by November 15, 2011.  The section 2255

21  _____

22              [2] Section 2255 provides, inter alia:
               A 1-year period of limitation shall apply to a
23         motion under this section. The limitation period
           shall run from...the date on which the judgment
24         of conviction becomes final.... [or] the date on
           which the right asserted was initially recognized
25         by the Supreme Court, if that right has been
           newly recognized by the Supreme Court and made
26         retroactively applicable to cases on collateral
           review...
27

28                              -6-

motion was not filed until February 21, 2012.  The motion filed by Movant in November of 2011, seeking additional time to file a substantive section 2255 petition, was denied and dismissed and did not toll the statute of limitations.

Movant would be entitled to equitable tolling of the statute of limitations if he established that he has diligently been pursuing his rights and that "some extraordinary circumstance prevented timely filing of his section 2255 motion. See, e.g., Buckles, 647 F.3d at 889-91 (holding that the movant was not entitled to equitable tolling notwithstanding his counsel's alleged misconduct because it had "no effect" on the timeliness of his motion). The Ninth Circuit Court of Appeals has held that movants who relied to their detriment on incorrect statements of law by the Ninth Circuit, or those who are "affirmatively misled" by a court's erroneous instructions may be entitled to tolling.  Id. at 891.

With regard to the timeliness of his section 2255 action, Movant reasserts the claims made in his previous section 2255 action (11 cv 2473) and notes that matter was dismissed without prejudice.  Movant contends "genuine circumstances outside his control" prevented the timely filing of his section 2255 action, i.e., that Movant's transfer of custody in October of 2011 and his lack of access to his legal papers until February of 2012 prevented his timely filing of his habeas action.

Movant has not alleged a basis for equitable tolling of the statute of limitations with regard to his section 2255

action.   Movant does not explain why his habeas petition was not filed prior to October of 2011 when Movant was transferred, one month before the habeas petition was due.   Accordingly, the Court should not consider the merits of his claims for relief. Nor does Movant assert his actual innocence of the crime of conviction; the bulk of Movant's arguments in his motion are regarding the sentence imposed rather than the jury's finding of guilt.

However, assuming the Court concludes Movant is entitled to equitable tolling of the statute of limitations, the Magistrate Judge will discuss Movant's ineffective assistance of counsel claims.

**B. Defaulted claims**

Because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal," <u>Bousley v. United States</u>, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998), absent a showing of cause and prejudice, a section 2255 movant procedurally defaults all claims which were not raised in his direct appeal, other than claims asserting that the movant was deprived of the right to the effective assistance of counsel. <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); <u>United States v. Ratigan</u>, 351 F.3d 957, 964 (9th Cir. 2003); <u>United States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993).

"[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double

procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594.  See also Ratigan, 351 F.3d at 964.  A petitioner who fails to show cause and prejudice can still obtain review of a claim on collateral attack by demonstrating the likelihood of his "actual," i.e., factual, innocence.  See Bousley, 523 U.S. at 623, 118 S. Ct. at 1611-12; United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007).  To establish actual innocence the movant must demonstrate that, in light of all the evidence, including new evidence that might be introduced by both sides, it is more likely than not that no reasonable juror would have convicted him.  See Ratigan, 351 F.3d at 964, quoting Bousley, 523 U.S. at 623, 118 S. Ct. at 1611.

Additionally, as a general rule, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979).  A section 2255 petitioner may, in limited circumstances, raise claims of *trial court error* that were previously raised and decided on direct appeal.  See Feldman v. Henman, 815 F.2d 1318, 1322 (9th Cir. 1987) (emphasis added), citing Kaufman v. United States, 394 U.S. 217, 227 n.8, 89 S. Ct. 1068, 1074 n.8 (1969).

> The scope of this exception has been clarified by Supreme Court and Ninth Circuit case law. The guiding principles may be summarized as follows: When a district court is confronted by a repetitive claim in a § 2255 Motion, the court may refuse to consider the claim and may give controlling weight to

-9-

the court of appeals' determination if (1)
the "same ground" presented in the § 2255
Motion was previously determined adversely to
the petitioner; (2) the prior determination
was "on the merits;" and (3) the "ends of
justice" would not be served by reaching the
merits of the claim in the subsequent § 2255
Motion. <u>Sanders v. United States</u>, 373 U.S. 1,
15, 83 S. Ct. 1068, 1077, [] (1963); <u>Molina
v. Rison</u>, 886 F.2d 1124, 1127 (9th Cir.
1989); <u>Polizzi v. United States</u>, 550 F.2d
1133, 1135 (9th Cir. 1976).

<u>United States v. Olmos-Esparza</u>, 974 F. Supp. 1311, 1317 (S.D. Cal. 1997).   Accordingly, absent a showing of cause and prejudice, any claim other than an ineffective assistance of counsel claim which Movant did not assert in his direct appeal has been procedurally defaulted.

In response to the answer to his section 2255 motion, Movant re-asserts the merits of his claims, including many allegations of trial error which were required to be raised in his direct appeal and arguing that his trial counsel's failure to raise or pursue these claims constituted ineffective assistance of counsel.   Movant also contends that his appellate counsel was ineffective because appellate counsel did not raise Movant's assertions of trial error and error on the part of his trial counsel in his direct appeal.

Movant has not established cause for nor prejudice arising from his procedural default of any habeas claims other than ineffective assistance of counsel.   Movant does not assert his actual innocence of the crimes of conviction.   Accordingly, the Court should not consider the merits of any claims other than ineffective assistance of counsel.

## C. Movant's ineffective assistance of counsel claim

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" <u>Id.</u>

<u>United States v. Span</u>, 75 F.3d 1383, 1386-87 (9th Cir. 1996). <u>See</u> <u>also</u> <u>United States v. Thomas</u>, 417 F. 3d 1053, 1056 (9th Cir. 2005).

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." <u>Id.</u>, 466 U.S. at 689, 104 S. Ct. at 2065. There is a "strong presumption" that trial counsel's conduct and strategy falls "within the wide range of reasonable professional assistance." <u>Id.</u> To establish that his counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable. <u>United States v. Fredman</u>, 390 F.3d 1153, 1156 (9th Cir. 2004); <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251, 1253 (9th Cir. 1996) ("[r]eview of counsel's performance

-11-

is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation."); <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1176-77 (11th Cir. 2001). It is Movant's burden to provide the Court with sufficient evidence from which the Court can conclude his counsel's performance was unconstitutionally ineffective. <u>See</u> <u>Withers</u>, 638 F.3d at 1066-67.

With regard to the prejudice prong of the <u>Strickland</u> analysis, the probability of prejudice may not be based merely upon conjecture or speculation. <u>See</u> <u>Mickens v. Taylor</u>, 122 S. Ct. 1237, 1246 (2002) (Kennedy, J. concurrence) (regarding speculation as having no place in a <u>Strickland</u> analysis). Movant must establish that, but for counsel's error, the result of his trial would have been different. <u>See</u> <u>Hasan</u>, 254 F.3d at 1154.

In response to Movant's claims of ineffective assistance of counsel, Respondent asserts:

> Counsel for [Movant] was apprised of this 2255 Motion and wrote an Affidavit for the court's consideration in this matter. (Exhibit 2.) Although the government disagrees with the allegations contained in the Affidavit that the government "provided extensive late disclosures" (Id. at 2-3); that the victim "set up" Defendant (Id. at 2); that the juvenile victim "is a prostitute who lied about her age and who does not care what happens in this trial, and who, in fact, returned to prostitution ..." (Id. at 3-4), those matters are far outside the focus of Defendant's 2255 Motion alleging ineffective assistance of counsel. Further, as to the suggestion that the prosecution provided late discovery, and this somehow prejudiced Defendant, the District Court considered this issue and made a finding that "in every

-12-

> respect, your client has been accorded the
> fairness that he is entitled to . . . [and]
> there was no prejudice to your client."

Doc. 9 at 14.

Respondent also avers:

> Defendant also claims that trial counsel
> failed to move the court for a dismissal of
> the case. This is untrue. Trial counsel filed
> two written motions to dismiss (CR 73 and CR
> 23616), and in trial, made an oral Motion for
> Directed Verdict after the government rested
> its case. (RT 5/21/08 969-74.)

Doc. 9 at 20.

Respondent also states:

> Defendant claims that the prosecution's
> "manipulation of the proceedings" prevented
> him from taking the plea agreement. (CR 1 at
> 9.)18 This argument does not implicate an
> ineffective assistance of counsel claim. In
> accordance with Dunham, Defendant should have
> made a prosecutorial misconduct claim in his
> direct appeal, and his failure to do so means
> this Court should summarily dismiss this
> argument. See Dunham, 767 F.2d at 1396. In
> order to prevail on a claim of ineffective
> assistance, Strickland requires Defendant
> establish "constitutionally deficient
> performance." 466 U.S. at 687. In his motion,
> Defendant fails to allege any deficient
> performance on the part of his trial counsel
> concerning the plea agreement. Instead, he
> lashes out at the prosecution's supposed
> misdeeds, but never points to ineffective
> assistance from his own attorney.
> ***
> Trial counsel explained every plea agreement
> to Defendant. (Exhibit 2 at 1-2.) She
> reviewed with him the minimum and mandatory
> penalties. (Id.) Counsel for Defendant
> relayed to the government that Defendant
> wanted to accept the plea agreement to one
> year and one day, but the government withdrew
> that plea offer. (Id. at 1-2.) The government
> made a second plea agreement to 10 years,
> counsel explained that plea offer to him, and
> Defendant rejected it. (Id. at 2.) The record
> is consistent with trial counsel's affidavit;

-13-

the prosecutor sets forth the details of the plea agreement exchange and informs the court that "Mr. Logan reopened that plea agreement last week which was rejected by the defendant but I was willing to proceed with that plea [stipulating to the mandatory minimum of 10 years] because I felt that I could stand behind that plea..."

Doc. 9 at 23-24.

For the reasons propounded by Respondents, the Magistrate Judge concludes Movant has not met his burden of showing any deficient performance by his counsel or that any alleged deficiency was prejudicial. Accordingly, Movant's ineffective assistance of counsel claims may be denied on the merits notwithstanding any issue regarding the timeliness of his section 2255 action.

**IT IS THEREFORE RECOMMENDED** that Mr. Acosta's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter,

-14-

the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 5th day of September, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

-15-