IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Hanoi Barbaro Acosta,<br><br>    Defendant/Movant. | Nos. CV-12-00367-PHX-ROS (MEA)<br>       CR-07-00871-PHX-ROS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") and Defendant-Movant's ("Defendant") objections thereto. For the reasons below, the Court will adopt the R&R.

**A.  Procedural Background**

On July 25, 2007, a grand jury indicted Defendant on two counts: Child Sex Trafficking in violation of 18 U.S.C. §1591(a) and Interstate Transportation of a Minor for Prostitution in violation of 18 U.S.C. §2423(a) and (e). On May 23, 2008, after a seven-day trial, a jury returned a guilty verdict on interstate transportation of a minor for prostitution, but the jury was unable to reach a verdict on child sex trafficking. On July 23, 2008, the Court granted the government's motion to dismiss the child sex trafficking charge. On October 15, 2008, the Court sentenced Defendant to 262 months imprisonment for interstate transportation of a minor for prostitution.

At his request, Defendant was appointed new counsel for direct appeal. On appeal,

1  Defendant argued the District Court erred by finding certain enhancements under the wrong
2  standard and by sentencing Defendant to a 262-month prison term. The Ninth Circuit
3  affirmed the conviction and sentence. On November 15, 2010, the United States Supreme
4  Court denied Defendant's petition for certiorari.

5  On December 14, 2011, Defendant filed a motion in CV-11-2473 seeking additional
6  time to file a § 2255 action. The Court denied the motion because it was "not able to
7  construe the Motion Seeking Permission as a § 2255 motion because it [was] not filed on the
8  court-approved form for filing a § 2255 motion, [did] not specify any grounds for habeas
9  corpus relief, [did] not set forth any facts supporting and grounds, and [did] not specify the
10 habeas relief requested." *See* CV-11-2473 at (Doc. 5).

11 On February 21, 2012, Defendant filed the pending Motion to Vacate, Set Aside, and
12 Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). Defendant argues the Court
13 denied him his right to a speedy trial when it granted his trial counsel's motions to continue
14 his trial date, "constituting ineffective assistance of counsel." Defendant argues the Court
15 improperly found he was a leader and organizer of crimes resulting in an enhanced sentence,
16 and his counsel failed to "argue [the application of the sentencing enhancements] in a
17 constitutional manner. Constituting ineffective assistance of counsel." Defendant also argues
18 his trial counsel gave him "erroneous" advice concerning a plea agreement.

19 **B.    Analysis**
20     **1.    Legal Standard**

21 A district judge "may accept, reject, or modify, in whole or in part, the findings or
22 recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has
23 filed timely objections to the magistrate judge's report and recommendations, the district
24 court's review of the part objected to is to be *de novo. Id.*; *see also United States v. Reyna-*
25 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,
26 1226 (D. Ariz. 2003).

27 To prevail on his claim of ineffective assistance of counsel, Defendant must prove (1)
28 his counsel's performance fell below an objective standard of reasonableness, and (2) the

- 2 -

1  deficiency in counsel's performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984); *United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005). The Court must evaluate counsel's actions from counsel's perspective at the time of trial, "without the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. The Court "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* When evaluating whether counsel's actions prejudiced Defendant, this Court must determine whether "a reasonable probability" exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 2. Statute of Limitations

A one-year statute of limitations for § 2255 petitions begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For habeas review, a conviction is final when a judgment is rendered, "the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 n.6 (1987)). "The statute of limitations contained in § 2255 is subject to equitable tolling." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Equitable tolling applies where there are extraordinary circumstances that made it impossible for the petitioner to timely file the petition, and the extraordinary circumstances caused the untimeliness. *Id.*

Defendant's conviction became final on November 15, 2010 when the United States Supreme Court denied certiorari. Therefore, the one-year statute of limitations ran on November 15, 2011. Defendant did not file his § 2255 motion until February 21, 2012. Defendant argues the statute of limitations should be equitably tolled because he was transferred from one prison to another in October 2011 and lacked access to his legal papers until February of 2012. Defendant has not explained why he could not have filed his Motion prior to his October 2012 transfer. As such, the Court does not find grounds to apply equitable tolling.

### 3. Waiver

Assuming the Motion was timely, it would be denied. Defendant raises three arguments, two of which are procedurally defaulted because he did not raise them on direct appeal. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993)(citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). "Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Dunham*, 767 F.2d 1395, 1396 (9th Cir. 1985).

In his § 2255 Motion, Defendant argues that his right to a speedy trial was violated, his attorney failed to object to various sentencing enhancements, and that his attorney gave him "erroneous advice" concerning the plea agreement. The first and third arguments are denied because Defendant did not raise the first or third issue on direct appeal. *Johnson*, 988 F.2d at 945; *Frady*, 456 U.S. at 168; *Dunham*, 767 F.2d at 1396.

Even if the Court were to consider the first and third arguments, they would fail for the reasons stated in Plaintiff's Response. (Doc. 9). The Court properly granted Defendant's motion to continue so defense counsel could prepare a computer expert, prepare to cross-examine nine government witnesses, and prepare to call seven witnesses. There was no speedy trial violation because all time was properly excluded. 18 U.S.C. § 3161(h)(1)(D); *United States v. Daychild*, 357 F.3d 1082, 1094-95 (9th Cir. 2004) (pretrial delay is excludable despite defendant claiming defense counsel's motions to continue were filed without his consent). Defendant gives no explanation as to how the continuances prejudiced him. *See United States v. Baker*, 63 F.3d 1478, 1497 (9 Cir. 1995). Further, the alleged late disclosure by prosecution is neither supported by the record nor does it bear on the ineffective assistance of counsel. In addition, Defendant claims trial counsel failed to move the court for a dismissal of the case, but trial counsel filed two written motions to dismiss and made an oral motion for directed verdict. Last, Defendant argues the prosecution's

"manipulation of the proceedings" prevented him from taking a plea agreement. This argument does not implicate an ineffective assistance of counsel claim against Defendant's counsel, but instead criticizes the prosecution's decision.

### 4. Enhancements

Defendant asserts counsel was ineffective because counsel failed to object to the leader/organizer enhancement under U.S.S.G. § 3B1.1(c). The record overwhelmingly shows Defendant led and organized women across state lines for prostitution. For example, Defendant organized the trip to Las Vegas, ordered the women to get dressed for prostitution, ordered them to "work tonight" and bring back any money they made, and told the women to "watch out" because it was a "vice night." Defendant took pictures for the advertisements and posted advertisements online. When the women did not make money in Las Vegas, Defendant ordered the women into the car and drove them to Los Angeles. One woman made money from prostitution, but the men took the money. Defendant beat the woman up for not having the money. In light of the evidence regarding Defendant leading or organizing this group of women for prostitution, counsel was not deficient by failing to object to this enhancement. *E.g., Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (failure to raise meritless argument does not constitute ineffective assistance of counsel). The Ninth Circuit found the enhancements were supported by "clear and convincing evidence." Defendant has not established deficient performance under *Strickland*. As such, Defendant's ineffective assistance of counsel claim fails.

Accordingly,

**IT IS ORDERED** the Report and Recommendation **(Doc. 13)** is **ADOPTED** in full.

**IT IS FURTHER ORDERED** the Motion to Vacate, Set Aside or Correct Sentence **(Doc. 1)** is **DENIED**.

1  **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 4th day of March, 2013.

_____
Roslyn O. Silver
Chief United States District Judge